# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TIC GRAPEVINE 2, L.P.; TIC GRAPEVINE 3, L.P.; TIC GRAPEVINE 5, L.P.; TIC GRAPEVINE 8, L.P.; TIC GRAPEVINE 9, L.P.; TIC GRAPEVINE 10, L.P.; TIC GRAPEVINE 12, L.P.; TIC GRAPEVINE 18, L.P.; TIC GRAPEVINE 20, L.P.; and **TIC GRAPEVINE 22, L.P.**, | Case No. 3:26-cv-189-JR **ORDER** |
| Plaintiffs, | |
| v. | |
| RATHBONE LAW, PC, f/k/a RATHBONE BARTON OLSEN PC, f/k/a ZUPANCIC RATHBONE LAW GROUP, P.C.; CONI S. RATHBONE; PAUL B. BARTON; JAMES D. ZUPANCIC; JOSEPH W. CARLISLE; and **NEIL N. OLSEN**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Before the Court is Defendants' Joint Objections to the U.S. Magistrate Judge's Order on

Plaintiff's Corrected Motion for Leave to Appear *Pro Hac Vice*, ECF 68. For the reasons

discussed below, the Court sustains Defendants' objections, overrules the U.S. Magistrate

PAGE 1 – ORDER

Judge's Order on Plaintiff's Corrected Motion for Leave to Appear *Pro Hac Vice*, ECF 65, and denies as moot Plaintiff's Corrected Motion for Leave to Appear *Pro Hac Vice*, ECF 63.

## BACKGROUND

Plaintiffs originally filed this case in state court in Harris County, Texas. ECF 1. On March 12, 2025, Defendant Paul Barton removed this lawsuit to federal court in the Southern District of Texas. *Id.* On January 28, 2026, the federal court in Texas transferred the case to the District of Oregon, where it was assigned to U.S. Magistrate Judge Jolie Russo. ECF 42, ECF 43. Plaintiffs are not represented by any attorneys admitted to practice in the District of Oregon. ECF 43. Thus, the Court referred Plaintiffs to Local Rule ("LR") 83, which governs attorney admissions in this district. *Id.* LR 83 states that "[o]nly attorneys generally or specially admitted pursuant to this rule may practice in the district and bankruptcy courts of the District of Oregon." LR 83-1(a). Absent admission to general practice in this District, LR 83-3(a) further provides that attorneys who are active members of other state bars may be specially admitted *pro hac vice* for a particular case, subject to five requirements. Of specific relevance here, one of those requirements is that the out-of-state attorney associate "with an attorney admitted to general practice before the bar of this Court, who will meaningfully participate in the preparation and trial of the case." LR 83-3(a)(1).

On March 12, 2026, Ms. Lynne Jurek, Plaintiffs' Texas counsel, emailed Judge Russo's Courtroom Deputy to assure the Court that she intended to submit a motion to appear *pro hac vice* and that she was searching for local counsel as required under LR 83. ECF 68 at 6-7. On April 10, she once again emailed Judge Russo's Courtroom Deputy, reaffirming her intent to obtain local counsel. *Id.*

On May 18, 2026, Ms. Jurek filed a Motion to Appear *Pro Hac Vice*, ECF 61, requesting a waiver of LR 83-3's requirement to associate with local counsel, invoking LR 45-1, a rule

PAGE 2 – ORDER

addressing subpoenas. On May 20, Ms. Jurek filed a Corrected Motion to Appear *Pro Hac Vice*. ECF 63. This time, she did not seek waiver under LR 45-1. *Id.* Rather, she acknowledged that she has not yet obtained local counsel and attached a letter asking Judge Russo to waive the local counsel requirement. *Id.* at 4. In her letter, Ms. Jurek explained that she had "diligently searched for replacement counsel and local counsel" but has been unable to obtain assistance from Oregon attorneys "due to the pending motions to dismiss as well as the lack of practicing plaintiff malpractice attorneys." *Id.* She highlighted that she had represented Plaintiffs since the case's inception and argued that Texas law would apply to the case. *Id.* at 4-5. Thus, she concluded, she was well-positioned to adequately represent her clients in the District of Oregon without local counsel. *Id.*

On May 26, 2026, Judge Russo granted Ms. Jurek's Motion to Appear *Pro Hac Vice* without associating local counsel, noting that "given this case's procedural posture and Ms. Jurek's representations to this Court over the course of many months that she is unable to secure local counsel, the Court is compelled to move this case forward." ECF 65. On June 2, 2026, Defendants filed an objection to Judge Russo's order, ECF 68. Judge Russo promptly referred Defendants' objection to this Court. ECF 69.

**STANDARDS**

Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). For dispositive matters when the parties have not consented to the magistrate judge's jurisdiction, Rule 72 allows the magistrate judge only to "enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). When a party timely objects to a magistrate judge's findings and recommendations concerning a dispositive motion, the district judge must make a de novo determination of those portions of the

PAGE 3 – ORDER

magistrate judge's proposed findings and recommendations to which an objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

When a party timely objects to a magistrate judge's determination of a *nondispositive* matter, however, the district judge may reject that determination *only* when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This means the Court will review the magistrate judge's factual findings for clear error and legal conclusions de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) ("Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's decision on a non-dispositive, non-excepted, pending pretrial matter only if it is clearly erroneous or contrary to law. This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." (cleaned up)); *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (same).

"[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up); *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021); *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013).

PAGE 4 – ORDER

**DISCUSSION**

The requirement for local counsel is important and there is only one exception to it enumerated in the local rules.[1] This rule exists to ensure that all parties before the District of Oregon are represented by qualified counsel who are well-versed in the unique rules and practices in this District. As Defendants point out, judges in this District have consistently and recently emphasized the importance of local counsel's meaningful participation in litigation pending in this District. *See, e.g.*, *Couvrette v. Wisnovsky*, 2026 WL 800566, at *1 (D. Or. Mar. 23, 2026); *Garcia v. Toezpecunia, Inc.*, 2025 WL 751288, at *3 (D. Or. Mar. 10, 2025). Indeed, the undersigned district judge has expressly emphasized the need for parties to abide by LR 83-3(a)(1) and obtain local counsel. *See The Puff Factory, LLC et al v. Port of Cascade Locks et al*, No. 3:20-cv-65-SI (D. Or. Nov. 19, 2025) (unpublished order denying a motion to withdraw because the party had not yet obtained local counsel).

Because the lone exception to LR 83-3 does not apply here, Plaintiff's motion may only be granted if it is appropriate to set the rule aside entirely. Under LR 1-4, a judge may suspend or modify the application of the local rules in an individual case "[i]n the interest of justice." Ms. Jurek did not cite this rule in her letter and made no argument that it should be invoked here. The Court concludes that justice does not support the suspension of LR 83-3 in this case. Courts should not lightly set aside local rules, and although Ms. Jurek explains that she exhausted her efforts to obtain local counsel, she has provided no further information to this Court or to Judge Russo detailing those efforts.[2] Ms. Jurek's explanation is insufficient to overcome the important

---

[1] As mentioned above, that exception is LR 45-1, the subpoena rule, which is not applicable here.

[2] For example, there is no indication as to how many attorneys she contacted or when she began her search.

PAGE 5 – ORDER

interests that LR 83-3 safeguards, and the Court concludes that LR 83-3 should not be suspended here. Similarly, although the Court acknowledges Judge Russo's understandable desire to keep the case moving, it does not ultimately agree that judicial economy is a sufficient reason to set aside LR 83-3. The Court also believes that local counsel in this District are available and would provide a valuable service.

## CONCLUSION

The Court SUSTAINS Defendants' Joint Objections, ECF 68. The Court OVERRULES the Magistrate Judge's Order allowing Ms. Jurek to appear *pro hac vice* without the association of local counsel. ECF 65. The Court DENIES Plaintiff's Corrected Motion for Leave to Appear *Pro Hac Vice* without prejudice. ECF 63. Ms. Jurek may reapply with the association of local counsel.

**IT IS SO ORDERED.**

DATED this 12th day of June, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 6 – ORDER